UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony Blackwell,
    Petitioner,

vs.                           Case No. 1:08cv158
                                (Barrett, J.; Black, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, who is incarcerated at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss filed June 3, 2008 (Doc. 8), which is opposed by petitioner (Doc. 9).

### Procedural Background

On November 7, 1997, the Hamilton County, Ohio, grand jury returned a seven-count indictment charging petitioner with one count of burglary in violation of Ohio Rev. Code § 2911.12(A)(1); four counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A); and two counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1). (Doc. 8, Ex. 1).

After a bench trial, petitioner was acquitted of the burglary charge, but was found guilty on all other counts. (*Id.,* Ex. 3). On April 27, 1999, petitioner was sentenced to consecutive terms of imprisonment totaling 26 years as follows: six years each on two of the felonious assault charges;[1] and seven years for each aggravated robbery offense. (*Id.*).

---

[1] The remaining two felonious assault counts were merged for sentencing purposes with these charges. (*See* Doc. 8, Ex. 3).

With the assistance of new counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, claiming in two assignments of error that his convictions were based on insufficient evidence and against the manifest weight of the evidence. (*Id.,* Exs. 4-5). On December 15, 1999, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 7). According to respondent, petitioner did not attempt to appeal this decision to the Supreme Court of Ohio. (*Id.,* Brief, p. 3).

Petitioner took no further action to challenge his convictions or sentence until over five and one-half years later, when on July 6, 2006, he filed a *pro se* notice of appeal and motion for leave to file a delayed appeal "as of right" to the Ohio Court of Appeals, First Appellate District. (*Id.,* Exs. 8-9). In the motion, he presented the following "assignments of error" to be considered in the delayed appeal:

> 1. Defendant-appellant's sentence is void where the sentencing court made judicial fact-finding to impose more than the maximum/ minimum sentence in this case contrary to O.R.C. 2929.14(B); Referencing: *McMillan v. Pennyslvania,* [477 U.S. 79, 93 (1986)]; *Apprendi v.* [*New Jersey,* 530 U.S. 466 (2000)]; *Blakely v. Washington,* [542 U.S. 296 (2004)]; *State v. Foster,* [845 N.E.2d 470 (Ohio 2006)].
>
> 2. Defendant-appellant's sentence is void ab initio where he was not put on notice or given the opportunity to be heard that his maximum/minimum sentence was to be enhanced by the sentencing court at sentencing in violation of his absolute right to procedural due process. . . .
>
> 3. Defendant-appellant's sentence must be reduced to the statutory minimum term notwithstanding the dicta opinion of *State v. Foster,* [845 N.E.2d 470 (Ohio 2006),] in order not to violate the ex post facto and double jeopardy provisions of the Ohio and United States Constitution.

(*Id.,* Ex. 9, p. 4).

On July 26, 2006, the Ohio Court of Appeals overruled petitioner's motion

2

for delayed appeal, because petitioner already "had a direct appeal." (*Id.,* Ex. 11). Petitioner did not seek leave to appeal this decision to the Supreme Court of Ohio. (*Id.,* Brief, p. 3).

Instead, on August 25, 2006, petitioner filed a *pro se* petition for post-conviction relief with the trial court, requesting that his aggregate sentence be reduced to concurrent prison terms totaling three years under the authority of *McMillan, Apprendi, Blakely* and *Foster*. (*Id.,* Ex. 12). On March 9, 2007, petitioner filed a motion "requesting final adjudication" of the post-conviction petition, which was overruled on March 22, 2007. (*Id.,* Exs. 13, 15).

Petitioner appealed to the Ohio Court of Appeals, First Appellate District. (*See id.,* Exs. 16-17). On December 14, 2007, the Court of Appeals dismissed the appeal on the ground that it lacked jurisdiction to review the trial court's March 22, 2007 ruling to the extent the entry did not constitute a "final order" disposing of the claims raised in the post-conviction petition. (*Id.,* Ex. 19). Petitioner did not pursue a further appeal in this matter to the state supreme court. (*See id.,* Brief, p. 5).

In the meantime, on June 11, 2007, petitioner also filed a petition for writ of habeas corpus with the Twelfth Appellate District, Warren County Court of Appeals, claiming that he was entitled to immediate release from prison because the sentence imposed by the Hamilton County Common Pleas Court was "contrary to *Apprendi, Blakely* and *Foster*." (*See id.,* Ex. 20). On July 30, 2007, the appellate court dismissed the habeas petition, reasoning in pertinent part as follows:

> . . . .The Ohio Supreme Court limited its holding in *Foster* to cases pending on direct review, and held those defendants whose cases were pending on direct review were only entitled to a new sentencing hearing. None of these cases found that criminal defendants in Ohio are entitled to a minimum sentence or to concurrent sentences, and they do not change the Ohio Supreme Court's determination that sentencing errors are no[t] cognizable in habeas corpus.

(*Id.,* pp. 2-3). The Supreme Court of Ohio affirmed this decision on January 30, 2008. (*See id.,* Ex. 21; *see also* Doc. 1, attachment).

3

Petitioner next commenced the instant federal habeas corpus action. The petition was officially filed with this Court on March 7, 2008. (Doc. 1). However, under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Here, petitioner avers in the petition that he placed the petition in the prison mailing system on March 3, 2008. (Doc. 1, p. 15). Therefore, it is assumed that the petition was "filed" under the prison mail-box rule on March 3, 2008.

In the petition, petitioner asserts two related grounds for relief essentially challenging the imposition of consecutive, non-minimum terms of imprisonment totaling 26 years under *Apprendi, Blakely* and *Foster*:

> **Ground One:** Present confinement in violation of Due Process Clause of 14th Amendment, United States Constitution.
>
> **Supporting Facts:** Petitioner's maximum sentence of three (3) years expired in 2002, thereby rendering Respondent's custody of him unlawful pursuant to O.R.C. § 2929.14(B) & the Due Process Clause, United States Constitution.
>
> **Ground Two:** Due Process Clause of 14th Amendment requires discharge of petitioner from state custody.
>
> **Supporting Facts:** Since Petitioner's maximum sentence has expired, immediate release is warranted. . . .

(*Id.*, pp. 6-7).

In response to the petition, respondent has filed a motion to dismiss. Respondent contends that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 8). Petitioner opposes respondent's motion. (Doc. 9).

# OPINION

## The Petition Is Barred From Review On Statute Of Limitations Grounds

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which, if any, limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's claims for relief.

Respondent contends that the statute of limitations set forth in § 2244(d)(1)(A) applies, which began to run when the 45-day period expired for filing an appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' December 15, 1999 decision affirming the judgment of conviction on direct appeal. (*See* Doc. 8, Brief, p. 6). Under this theory, the instant petition is time-barred because the statute of limitations would have commenced running in January 2000 and would have expired one year later in January 2001; petitioner's subsequent motions filed years later in the state courts for delayed appeal, for post-conviction relief, and for state habeas corpus relief would not have served to toll the running of the statute, which had long since run its course, under 28 U.S.C. § 2244(d)(2).[2]

---

[2] *See Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi*

Petitioner opposes respondent's position. He contends that no statute of limitations provision should apply because he has presented a jurisdictional issue which amounts to a "structural defect" that can be raised at any time. (*See* Doc. 9). Even assuming, as petitioner argues, that jurisdictional claims are always subject to review on the merits, despite a statute of limitations or other procedural bar, the undersigned is not persuaded that such a claim has been raised here.

Petitioner essentially posits that the sentencing court only possessed subject matter jurisdiction to impose the shortest prison sentence of three years as specified under Ohio [Rev.] Code § 2929.14(A)(b), because the indictment failed to allege the additional essential elements required to be found by a jury beyond a reasonable doubt before any sentence in excess of the minimum term could be imposed. (*See id.,* pp. 3-6). However, no court (including the Supreme Court in *Blakely* and its progeny) has held that the indictment must include not only the essential elements of the substantive criminal offenses charged against a defendant, but also any additional factual findings necessary for the imposition of a non-presumptive sentence falling within the permissible statutory range, which ultimately may or may not be made post-conviction at the sentencing hearing after a pre-sentence investigation.

In any event, no jurisdictional concerns are triggered here because, petitioner was properly sentenced in April 1999 in accordance with the state statutory sentencing provisions then in effect. No constitutional concerns were raised then, because the Supreme Court had not even decided the seminal case of *Apprendi*, the forerunner of *Blakely* and its progeny, which recognized for the first time that the Sixth Amendment right to a jury trial attaches to certain sentencing determinations. Indeed, at that time, there was a line of cases in effect, which had developed from a statement in *McMillan v. Pennyslvania,* 477 U.S. 79, 93 (1986), that "there is no Sixth Amendment right to jury sentencing, even where the sentence turns on specific findings of fact."[3]

---

*v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998); *cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

[3] In *Apprendi,* 530 U.S. at 490, however, the Supreme Court held that the Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury, taken together,

Petitioner is unable to prevail on any argument that the trial court lacked jurisdiction to impose more than a three-year prison term based on the retroactive application of the *Apprendi/Blakely/Booker* line of cases to his sentence. It is well-settled in the Sixth Circuit that these precedents may not be applied retroactively to cases on collateral review, where as here the conviction previously had become final by the conclusion of direct review or the expiration of time for seeking such review.[4] *See, e.g., United States v. Saikaly,* 424 F.3d 514, 517 & n.1 (6th Cir. 2005) (and supporting cases from other circuits cited therein); *Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir.), *cert. denied,* 546 U.S. 885 (2005); *Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter); *see also Goode v. United States,* 305 F.3d 378, 382-85 (6th Cir.) (and 11th, 8th, 4th and 9th Cir. cases cited therein) (involving 28 U.S.C. § 2255 application challenging federal sentence based on *Apprendi*), *cert. denied,* 537 U.S. 1096 (2002).[5]

Moreover, as the Ohio Court of Appeals pointed out in denying state habeas relief to petitioner (*see* Doc. 8, Ex. 20, pp. 2-3), the Supreme Court of Ohio's *Foster* decision applies retroactively only to those cases that were still pending on direct review at the time *Foster* was decided. *See Foster,* 845 N.E.2d at 499. Because the direct review proceedings in this case concluded in January 2000, over six years

---

entitle a criminal defendant to a jury determination that the defendant is guilty beyond a reasonable doubt of any fact, other than the fact of a prior conviction, *which increases the penalty for a crime beyond the prescribed statutory maximum.* In so ruling, the Court did not overrule the *McMillan* decision, which upheld a state's Mandatory Minimum Sentencing Act that "operat[ed] solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it." *See Apprendi,* 530 U.S. at 485-87 & n.13 (quoting *McMillan*, 477 U.S. at 88). Instead, the *Apprendi* Court limited *McMillan's* "holding to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict." *Apprendi,* 530 U.S. at 487 n.13.

[4] The Supreme Court has stated that "[s]tate convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'" *See Allen v. Moore,* Case No. 1:05cv731, 2007 WL 651248, at *4 n.1. (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (unpublished) (quoting *Beard v. Banks,* 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen,* 510 U.S. 383, 390 (1994)).

[5] *Cf. Harris v. United States,* 536 U.S. 545, 581 (Thomas, J., dissenting) ("No Court of Appeals, let alone this Court, has held that *Apprendi* has retroactive effect.").

prior to *Foster*'s issuance, any argument that *Foster* retroactively affected the jurisdiction of the trial court in sentencing petitioner in 1999 lacks merit.[6]

An additional argument can be made in petitioner's favor that petitioner's claims accrued long after his conviction became "final" within the meaning of § 2244(d)(1)(A), because *Apprendi, Blakely, Booker* and *Foster* had not yet been decided; under this theory, either § 2244(d)(1)(C) or (D) arguably applies to delay the commencement of the limitations period in this case.

However, § 2244(d)(1)(D) does not govern petitioner's grounds for relief. It is clear from the record that petitioner was aware at the time of sentencing that the trial court was imposing non-presumptive, consecutive sentences. Therefore, the factual predicate underlying petitioner's claims was discoverable in the exercise of due diligence at the time petitioner was sentenced in April 1999.

Moreover, for the limitations provision set forth in § 2244(d)(1)(C) to apply, it must be established that the legal basis for petitioner's claims was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review." In this case, petitioner essentially alleges that the non-minimum, consecutive sentences imposed on him in April 1999 are unconstitutional under *Apprendi-Blakely,* particularly in light of the Supreme Court of Ohio's holding in *Foster* that certain sections of Ohio's sentencing statute had been "eviserated by *Blakely*." *See Foster,* 845 N.E.2d at 487-88.

---

[6] In any event, *Foster* did not create a jurisdictional hurdle for sentencing courts. To remedy the constitutional *Blakely* infirmity, the *Foster* court adopted the approach used by the Supreme Court in *United States v. Booker,* 543 U.S. 220 (2005), with respect to the federal sentencing guidelines, of severing the *Blakely*-offending portions of Ohio's sentencing statutes and granting trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *See Foster,* 845 N.E.2d at 494-98. In addition, on January 14, 2009, the Supreme Court issued a decision upholding the constitutionality of a state sentencing statute which constrained the trial court's discretion by requiring it to find certain facts before imposing consecutive, rather than concurrent, sentences. *Oregon v. Ice,* 129 S.Ct. 711, No. 07-901, 2009 WL 77896, at *3 (U.S. Jan. 14, 2009) (to be published). Although the *Foster* court held a similar provision in Ohio's sentencing statute was *Blakely*-offending, *see id.* at *5 n.7, it now appears that in light of this recent Supreme Court precedent, no Sixth Amendment concerns are triggered with respect to consecutive sentencing decisions. *See id.* at *6-8.

As discussed above, petitioner's convictions and sentences became "final" in January 2000, *before* the Supreme Court decided *Apprendi* on June 26, 2000, followed by *Blakely* on June 24, 2004, which in turn was followed by *Booker* on January 12, 2005; none of these Supreme Court decisions may be applied retroactively to cases on collateral review, where as here the conviction previously became final by the conclusion of direct review or expiration of time for seeking such review. *See, e.g., Saikaly,* 424 F.3d at 517 & n.1; *Humphress*, 398 F.3d at 860-63; *Spiridigliozzi,* 117 Fed.Appx. at 394; *Goode,* 305 F.3d at 382-85; *see also Hanna v. Jeffreys,* No. 2:05cv727, 2006 WL 462357, at *6 (S.D. Ohio Feb. 22, 2006) (King, M.J.) (Report & Recommendation) (unpublished) (holding that "§ 2244(d)(1)(C) does not serve to delay the date the statute of limitations began to run as to petitioner's claim that his sentence violates *Blakely* ... because *Blakely* is not retroactively applicable to cases on collateral review"), *adopted,* 2006 WL 689060 (S.D. Ohio Mar. 26, 2006) (Graham, J.) (unpublished).

Petitioner also cannot rely upon *Foster* to delay the limitations period under § 2244(d)(1)(C), because *Foster* was not decided by the United States Supreme Court. In any event, as discussed above, the *Foster* court expressly stated that its decision extended only to cases still pending on direct review. *Foster,* 845 N.E.2d at 499. Because the appeal period expired in this case years before *Foster* was decided, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to his case.

For the foregoing reasons, the undersigned adopts the position espoused by respondent that petitioner's claims for relief are governed by the limitations provision set forth in 28 U.S.C. § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review. Under this provision, the statute commenced running on January 30, 2000, one day after the 45-day period expired in which to file an appeal to the state supreme court from the Ohio Court of Appeals' December 15, 1999 direct appeal decision. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The statute expired one year later on January 30, 2001 unless statutory or equitable tolling principles apply to extend the limitations period.

During this one-year period, petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral

review.  *See* 28 U.S.C. § 2244(d)(2); *see also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000);  *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Here, petitioner did nothing to challenge his conviction or sentence in the state courts after the Ohio Court of Appeals affirmed his conviction on direct appeal in December 1999 until, over five and one-half years later, he unsuccessfully attempted to file another delayed appeal in the Ohio Court of Appeals.  Petitioner's unsuccessful motion did not restart the running of the statute of limitations at zero, although, if properly filed, it could serve to toll an unexpired limitations period during its pendency before the state courts.  *See, e.g., Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001).[7]

Here, the limitations period had already expired years before petitioner filed his unsuccessful motion for leave to file a delayed appeal with the Ohio Court of Appeals.  Therefore, that motion, as well as petitioner's later-filed post-conviction

---

[7] The Supreme Court recently held that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A). *See Jimenez v. Quarterman,* 129 S.Ct. 681, No. 07-6984, 2009 WL 63833 (U.S. Jan. 13, 2009) (to be published).  In this case, however, because petitioner's delayed appeal motion was denied, it could only toll the running of the statute under 28 U.S.C. § 2244(d)(2).

petition and application for state habeas relief, could not serve to toll the limitations period under § 2244(d)(2).

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

In this case, petitioner is not entitled to equitable tolling. He has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court or that he is otherwise entitled to equitable tolling under *Dunlap*.

Accordingly, in sum, the Court concludes that the instant petition, deemed "filed" on March 3, 2008, is time-barred. Under § 2244(d)(1)(A), the statute of limitations commenced running on January 30, 2000 and expired on January 30, 2001; neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to extend the limitations period in this case.

Therefore, respondent's motion to dismiss the petition with prejudice on the ground that it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d) (Doc. 8) should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED**, and petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition on procedural statute of limitations grounds, because under the applicable two-part standard established in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether petitioner has stated viable constitutional claims in his grounds for relief given that neither the *Apprendi/Blakely* line of cases nor *Foster* are retroactively applicable to the case-at-hand. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: 2/18/09             s/Timothy S. Black
   cbc                      Timothy S. Black
                           United States Magistrate Judge

J:\BRYANCC\2009 habeas orders\08-158grant-MTD.sol-apprendi-blakely-foster

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony Blackwell,
    Petitioner

vs                                                       Case No. 1:08cv158
                                                          (Barrett, J.; Black, M.J.)

Warden, Lebanon Correctional Institution,
    Respondent

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).